J. R. THOMPSON *vs.* H. T. WINTER.

42  121
74  300.

November 30, 1889.

**Specific Performance—Equitable Grounds for Refusal.**—The equitable considerations which will justify a court in refusing to compel specific performance of a valid contract to convey real estate must have some reference to or some connection with the contract itself, or the duties of the parties in relation to it.

**Same—Such Grounds held Insufficient.**—That the vendor has an independent claim against the vendee, which by reason of the latter's insolvency he may be unable to enforce, is no reason for refusing specific performance on the application of the vendee.

Appeal by plaintiff from an order of the district court for Redwood county, refusing a new trial after a trial by *Webber*, J., who ordered a dismissal without prejudice to plaintiff's right to bring an action for damages.

*John H. Bowers*, for appellant.

*J. M. Thompson*, for respondent.

GILFILLAN, C. J.    This is an action to compel specific performance of a contract in the nature of one to convey real estate.    The defendant had purchased the land from the state, paying 15 per cent. of the purchase price, and receiving certificates of purchase.    February 1, 1886, these parties entered into a contract in writing, whereby defendant agreed that, upon full performance on the part of the plaintiff, he would transfer by deed of assignment the said land certificates.    Plaintiff was to pay therefor $590, according to two promissory notes,—one for $190, due October 1, 1886, with interest at 10 per cent., and one for $400, due two years from February 1, 1886, with interest at 8 per cent.,—and pay all taxes and assessments, and the unpaid purchase-money to the state.    The plaintiff fully performed this contract on his part.    In March, 1886, the parties made an oral agreement, by which defendant agreed to make certain improvements for the plaintiff on the land, by breaking, erecting buildings, and digging a well, for which plaintiff agreed to pay him the

cost thereof, with interest; such payment not to be made before the expiration of five years from the time of making the improvements. Afterwards, pursuant to such agreement, defendant made such improvements to the amount of $500, no part of which has been paid. The plaintiff was insolvent. On these facts the court below denied specific performance.

From the memorandum filed by the court below it appears that the specific performance was refused, in the exercise of what the court deemed its discretionary power, the reasons for so exercising that power being stated that plaintiff has become insolvent; that the value of the improvements is equal to the purchase price; and that plaintiff can be compensated in damages. The mere fact that a person has a contract for the conveyance to him of real estate does not entitle him, as of right, to the interposition of a court of equity to enforce it. The matter of compelling specific performance is one of sound and reasonable discretion,—of judicial, not arbitrary and capricious, discretion. There must be some reason, founded in equity and good conscience, for refusing the relief. Such reason has been generally found, by the court refusing it, in some mistake or fraud or unconscionableness in the contract, or in some laches on the part of the plaintiff changing the circumstances so as to make it inequitable to compel a conveyance, or where the claim is stale, or there is reason to believe it was abandoned. But, whatever the reason may be, it must have some reference to, some connection with, the contract itself, or the duties of the parties in relation to it. We have never found a case where the court refused the relief as a means of enforcing some independent claim of the defendant against the plaintiff, nor because the defendant had some independent claim which he might not be able to enforce against the plaintiff. If such could be regarded as an equitable reason for denying relief, every action of the kind might involve the investigation of all unclosed transactions between the parties, whether relating to the contract or subject-matter of the action, or entirely distinct from it. In this case there is no reason to suppose the contract other than a fair one. The plaintiff has been prompt in performing on his part, and in seeking his remedy. The defendant has a claim against plaintiff, entirely in-

dependent of the contract to convey, which claim, by the terms of the agreement under which it arose, was not to become due for more than three years after the time when he was to convey. The possibility that when it becomes due he may not be able to enforce it, by reason that plaintiff's insolvency may continue, does not make it inequitable to enforce this contract already matured. That a purchaser may have an adequate remedy by action for damages, although a reason for not holding what he has done to be part-performance to take the case out of the operation of the statute of frauds, is of itself no reason for withholding the proper remedy, where the contract is valid under the statute. The order is reversed, and the court below will enter judgment on the findings of fact in favor of plaintiff for the relief demanded in the complaint.